**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
Thomas A. Reyda (State Bar No. 312632)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         jsmith@bursor.com
         ykrivoshey@bursor.com
         treyda@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN, on Behalf of Himself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BLACKBAUD, INC.,<br><br>Defendant. | Case No.  2:18-cv-3549<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff William Brown ("Plaintiff"), brings this class action complaint against Blackbaud, Inc. ("Blackbaud" or "Smart Tuition"). Plaintiff's allegations are based upon personal knowledge as to his own acts and upon information and belief as to all other matters.

## NATURE OF ACTION

1. Blackbaud is a publicly traded company that specializes in providing cloud software and services for fundraising campaigns. In 2015, Blackbaud acquired a company called Smart Tuition, which provides student billing and payments processing platforms for private schools in the Kindergarten through 12th grade sector. Since that time, Blackbaud has taken over all Smart Tuition operations and has continued providing Smart Tuition services to private schools and parents across the nation. Accordingly, for the purposes of this complaint, all references to Smart Tuition and Blackbaud will refer to the Defendant, Blackbaud, Inc.

2. Private schools that use Smart Tuition's services require that parents (or students themselves) sign up for a Smart Tuition account through Smart Tuition's website. Parents can then input payment methods (credit and checking accounts) and make one-time and monthly tuition payments to their respective private schools through Smart Tuition's online portal. Alternatively, parents can sign up for Smart Tuition services and mail payment to Smart Tuition via check. Smart Tuition then transmits such tuition payments to the respective schools under agreements between the schools and Smart Tuition.

3. Whenever parents are late to make a tuition payment, Smart Tuition charges parents set late fees ("Late Fees") pursuant to Smart Tuition's terms of service and agreements that Smart Tuition forces parents to enter into (the "Service Agreement"). The Late Fees are charged *in addition to* any late fees that may be charged by the respective schools, and, accordingly, parents may be forced to pay multiple late fees (to Smart Tuition and the school) for being late with one payment.

4. Smart Tuition's provision of tuition payment services in California is and all times relevant hereto has been subject to Smart Tuition's Service Agreement. The Service Agreement remains in effect as of the date of this Complaint. The Service Agreement provides that Smart Tuition will impose a Late Fee of a set sum (in Plaintiff's case, $50) whenever Smart Tuition does not receive payment by a specified due date.

5. As is set forth more particularly below, Plaintiff and the members of the proposed plaintiff class are individuals who are or were Defendant's customers who used Defendant's services in the State of California, and who paid Late Fees in connection with services rendered in the State of California.

6. The Late Fees have generated substantial revenues and profits for Defendant. By this complaint, Plaintiff seeks, *inter alia*, to permanently enjoin the enforcement and threat of collection of the Late Fees and to recover as damages and/or restitution all Late Fees heretofore paid by members of the plaintiff class.

7. The Late Fees constitute unlawful penalties that are void and unenforceable under California Civil Code § 1671 ("§ 1671"); unlawful and unfair under California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq*. (the "UCL"); and unconscionable under California Civil Code § 1750 *et seq*., the Consumers Legal Remedies Act (the "CLRA").

8. Plaintiff therefore seeks, as alleged with greater particularity below, to (a) permanently enjoin Defendant from collecting the Late Fees; (b) impose constructive trusts on all amounts by which Defendant was unjustly enriched as a result of collecting the Late Fees; (c) recover as damages and/or restitution all Late Fees heretofore paid by members of the plaintiff class; and (d) obtain all such other relief to which they may be entitled pursuant to Civil Code § 1671, the UCL or any other applicable provision of California law, including, without limitation, disgorgement, actual damages and restitution.

# THE PARTIES

9. Plaintiff is a citizen of California, residing in Ventura, California. Plaintiff was forced to sign up for Smart Tuition services because he had three children attend a private school in Ventura, California (Our Lady of Assumption) that required the use of Smart Tuition to make tuition payments. Two of Plaintiff's minor children are still enrolled at the same school, and, accordingly, Plaintiff is forced to continue using Smart Tuition pursuant to the Service Agreement. Within the past four years, Plaintiff has repeatedly incurred and paid Late Fees in California pursuant to the Service Agreement for services rendered in California. Indeed, since August of 2015, Defendant has charged Plaintiff a total of 28 Late Fees for purported late payment of tuition under the Service Agreement, each at $50 for the respective month's past-due payment. Accordingly, since August of 2015, Defendant has charged, and Plaintiff has paid, $1400 in Late Fees.

10. As a result thereof, Plaintiff suffered an injury in fact resulting in the loss of money and/or property.

11. Defendant Blackbaud, Inc. is a corporation organized under the laws of Delaware and has its principal place of business in South Carolina. At all relevant times, Defendant was in the business of providing tuition payment services pursuant to the Service Agreement to individuals in California. Under the Service Agreement, Defendant imposed, pursued, and collected Late Fees provided for in the Service Agreement in California.

# JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed Class; (b) some members of the proposed Class have a different citizenship from Defendant; and (c) the claims of the proposed Class members

exceed the sum or value of five million dollars ($5,000,000) in aggregate. See 28 U.S.C. § 1332(d)(2) and (6).

13. This Court has personal jurisdiction over Defendant because Defendant is registered with the California Secretary of State to conduct business within California and conducts substantial business within California, such that Defendant has significant, continuous, and pervasive contacts with the State of California.

14. Venue is proper in this Court under 28 U.S.C. § 1381(b) because Defendant transacts significant business within this District. Venue is also proper under 28 U.S.C. § 1391(c) because Defendant is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

15. Smart Tuition provides an electronic tuition and fee payment platform to parents of private school students in the State of California. Specifically, many schools throughout California require the parents of their students to sign up for Smart Tuition's online portal and to make all tuition and fee payments through Smart Tuition.

16. To use Smart Tuition's services, Smart Tuition requires that customers create an online account and agree to a Service Agreement. Alternatively, parents can sign up for Smart Tuition services subject to the Service Agreement and mail payment to Smart Tuition via check. The Service Agreement was drafted entirely by Defendant and/or its affiliates, is not subject to modification or negotiation and is presented to prospective customers on a "take it or leave it" basis. The Service Agreement is a contract of adhesion under California law.

17. Plaintiff is, and at all times relevant hereto has been, a Smart Tuition user subject to the Service Agreement.

18. The Service Agreement has at all times relevant hereto included a Late Fee provision which provides for the imposition of Late Fees. The Service Agreement provides that Smart Tuition will impose a Late Fee of a set sum (in

1  Plaintiff's case, $50) whenever Smart Tuition does not receive payment by a specified due date.

19. Defendant has in fact imposed such Late Fees on, and collected them from, Plaintiff and other members of the proposed class.

20. Defendant has collected significant revenues from imposing Late Fees on Plaintiff and the members of the proposed class.

21. If and to the extent that Defendant suffers, would suffer or has suffered any damage upon late payment, it is neither impracticable nor extremely difficult to fix the actual damage. Furthermore, if and to the extent that Defendant suffers, would suffer, or has suffered any damage upon late payment, the Late Fees are not a reasonable measure or approximation of such damages and do not provide fair average compensation therefor. Moreover, they are – and under the circumstances existing at the time the Service Agreement was made, were – unreasonable. On information and belief, Defendant did not conduct a reasonable endeavor to fix fair average compensation for losses, if any, that it incurs, would incur or has incurred by virtue of late payments. The Late Fees were not negotiated or discussed with Plaintiff or the members of the proposed class.

22. The Late Fees imposed by Defendant are unconscionable, void and unenforceable under Civil Code §§ 1670.5, 1671(b) and/or 1671(d), constitute an unlawful, unfair and deceptive practice under the UCL, and violate the CLRA, including without limitation Civil Code §§ 1770(a)(14) and 1770(a)(19).

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of the following class (the "Class"):

> All California residents who paid one or more Late Fees imposed by Defendant pursuant to the Service Agreement with respect to tuition obligations imposed by a school located within California. Any judicial officer to whom the Action is assigned is excluded from the Class. Defendant, the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or

assigns, and any entity in which Defendant has or had a controlling interest are also excluded from the Class.

24. Plaintiff is a member of the Class he seeks to represent.

25. The Class is so numerous that joinder of all members is impractical. Although Plaintiff does not yet know the exact size of the Class, dozens, and potentially hundreds, of schools (with hundreds or thousands of parents per school) in California require parents to use Smart Tuition for tuition payments. Many parents have complained online about being forced to pay late fees to Smart Tuition.

26. The Class is ascertainable because the Class members can be identified by objective criteria – the payment of Late Fees during the Class Period, as can be ascertained through Defendant's records. Individual notice can be provided to Class members "who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

27. There are numerous questions of law and fact common to the Class which predominate over any individual actions or issues, including but not limited to:

 (a) Whether Defendant's Late Fees are illegal, void and unenforceable contractual penalties pursuant to Civil Code § 1671(d);
 (b) Whether damages are extremely difficult or impracticable to determine;
 (c) Whether Defendant conducted a reasonable endeavor, prior to imposing the Late Fees or including them in the Service Agreement, to fix fair average compensation for losses, if any, that it suffers when its customers pay late, and if so, whether the Late Fees reflect the results of such a reasonable endeavor;
 (d) Whether Defendant's Late Fees are unconscionable;
 (e) Whether Defendant's Late Fees violate the UCL;
 (f) Whether Defendant's Late Fees violate the CLRA;
 (g) Whether Class Members suffered an ascertainable loss as a result of Defendant's Late Fees;

(h) Whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and the Class members are entitled to restitution, disgorgement, injunctive and/or monetary relief and, if so, the amount and nature of such relief; and

(i) Whether Plaintiff and the Class Members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of this suit.

28. Plaintiff's claims are typical of the claims of the members of the Class, having paid Late Fees to Defendant pursuant to the Service Agreement. Plaintiff and the proposed Class have similarly suffered harm arising from Defendant's violations of the law, as alleged herein.

29. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained counsel competent and experienced in prosecuting class action, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Class members.

30. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class Members. Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims are consistently adjudicated.

# FIRST CAUSE OF ACTION

## Violation of California Civil Code § 1671(d)

31. Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

32. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

33. The Late Fees are impermissible liquidated damages provisions under California law. The Late Fees themselves, the contractual provisions that provide for them and their imposition and collection by Defendant violate Civil Code § 1671(d) and are unlawful, void and unenforceable under that statute.

34. Civil Code § 1671(d) states that a contractual provision, in a contract for the retail purchase or rental of personal property or services primarily for the party's personal, family, or household purposes, liquidating damages for the breach of the contract, is void except that the parties to such a contract may agree therein on an amount that shall be presumed to be the amount of the damage sustained by a breach thereof, when, from the nature of the cause, it would be impracticable or extremely difficult to fix that actual damage. The Service Agreement is a contract for the purchase of services primarily for personal, family or household use of Plaintiff and the members of the Class.

35. If and to the extent that Defendant suffers, would suffer or has suffered any damages due to late payments by Plaintiff or members of the Class, it would not be impracticable, nor would it be extremely difficult, to determine them with certainty. Furthermore, the liquidated damages in the Service Agreement do not reflect a reasonable endeavor by Defendant to fix fair average compensation for any harm that Defendant would suffer, may suffer or have suffered, if any, from the late payment of tuition. The Service Agreement is a contract of adhesion drafted by Defendant and/or its parents, subsidiaries or affiliates and presented to prospective customers on a "take it or leave it" basis with no opportunity for any prospective

customer to negotiate any of its terms and conditions. The Late Fees provision in the Service Agreement is a liquidated damages provision that fails to comply with the standards set forth in Civil Code § 1671(d), and therefore constitutes impermissible contractual penalties. Defendant's imposition of Late Fees on Plaintiff and the members of the Class violates, and at all times relevant here to has violated, § 1671(d). Defendant's collection of Late Fees from Plaintiff and the members of the Class likewise violates, and at all times relevant hereto has violated, Civil Code § 1671(d).

36. Plaintiff and the members of the Class have suffered an injury in fact resulting in the loss of money and/or property as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein. Pursuant to Civil Code § 1671(d), Plaintiff, individually and on behalf of the members of the Class, seeks an order of this Court preliminarily and permanently enjoining Defendant from further enforcement and collection of Late Fees as alleged herein. Plaintiff also seeks an order:

    a. Requiring Defendant to cease their unlawful acts and practices;
    b. Directing Defendant to make full restitution of all monies wrongfully obtained;
    c. Forcing Defendant to disgorge all ill-gotten revenues and/or profits; and
    d. Providing such other and further relief as may be just and proper.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### Violation of the Consumers Legal Remedies Act,
### California Civil Code §§ 1750 *et seq*.
### (Injunctive relief only)

37. Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

38. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

39. Defendant has engaged in deceptive practices, unlawful methods of competition and/or unfair acts as defined by Civil Code § 1750, *et seq.*, to the detriment of Plaintiff and the members of the Class. Plaintiff and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein.

40. Defendant intentionally, knowingly, and unlawfully perpetrated harm upon Plaintiff and the Class members by inserting unconscionable, unenforceable and illegal provisions in their Agreements with Plaintiff and the Class members in violation of Civil Code § 1770(a)(19), and by enforcing those provisions. By inserting an unconscionable, unenforceable and void Late Fees provision in the Service Agreement, and then enforcing that provision by imposing and collecting Late Fees, Defendant also violated Civil Code § 1770(a)(14), which prohibits them from representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

41. Defendant's policy and practice with respect to their inclusion of Late Fees in their Service Agreement and their collection of Late Fees is unlawful, unethical, oppressive, fraudulent and malicious. The gravity of the harm to all consumers from Defendant's policies and practices far outweighs any purported utility those policies and practices have.

42. Plaintiff and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein and will continue to suffer such harm if Defendant's illegal practices are not abated.

43. Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendant's violations of the CLRA. Plaintiff has mailed an appropriate demand letter consistent with California Civil

Code § 1782(a).  If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend his complaint to include a request for damages as permitted by Civil Code § 1782(d).

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

**Unlawful Business Practices in Violation of the Unfair Competition Law**

**California Business and Professions Code §§ 17200 *et seq*.**

44. Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

45. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

46. Defendant's continuing imposition, enforcement and collection of unlawful, unconscionable and unenforceable Late Fees constitutes an unlawful business practice in violation of Bus. & Prof. Code §§ 17200 *et seq*.  Plaintiff and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein.

47. Civil Code § 1671(d) states that a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein on an amount that shall be presumed to be the amount of the damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.

48. The Late Fees charged by Defendant to, and collected by Defendant from, Plaintiff and the members of the Class are unlawful liquidated damages provisions under Civil Code § 1671(d) for the reasons set forth above.  As a result of their inclusion of the Late Fees provisions in the Service Agreement, and their imposition and collection of the Late Fees, Defendant has violated Civil Code § 1671(d).

49. The inclusion of the Late Fees provision in the Service Agreement, and Defendant's imposition of the Late Fees on, and collection of the Late Fees from, Plaintiff and the members of the Class also violate Civil Code § 1670.5 because the Late Fees are unconscionable. Prospective customers have no meaningful choice with respect to the inclusion of the Late Fees in the Service Agreement nor in the amount of the Late Fees. The Service Agreement is drafted by Defendant and presented to prospective members on a "take it or leave it" basis with no opportunity or possibility of negotiating any different terms and conditions with Defendant.

50. The Late Fees are unreasonably favorable to Defendant and unduly harsh with respect to Defendant's customers, and therefore, are substantively unconscionable. For example, the Late Fees have no relationship whatsoever to any damages incurred by Defendant, if any, as a result of late payment by customers.

51. The Late Fees charged to Plaintiff and the members of the Class also violate the Consumers Legal Remedies Act, Civil Code § 1750 *et seq.*, as they are unconscionable, unenforceable and illegal provisions in violation of Civil Code §§ 1770(a)(14) and 1770(a)(19).

52. Plaintiff and the members of the Class have suffered an injury in fact resulting in the loss of money or property as a result of having paid the Late Fees.

53. Pursuant to Bus. & Prof. Code § 17203, Plaintiff seeks an order of this Court permanently enjoining Defendant from continuing to engage in their unfair and unlawful conduct as alleged herein. Plaintiff also seeks, *inter alia*, an order requiring Defendant to:

    a. Immediately cease their unlawful acts and practices;
    b. Make full restitution of all monies wrongfully obtained; and
    c. Disgorge all ill-gotten revenues and/or profits.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

# FOURTH CAUSE OF ACTION

## Unfair Business Practices in Violation of Business and Professions Code §§ 17200 *et seq.*

54. Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

55. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

56. The conduct of Defendant, as herein alleged, constitutes an unfair business practice within the meaning of Bus. & Prof. Code §§ 17200, *et seq*.

57. Defendant violated the "unfair" prong of the UCL by requiring customers to enter into contracts of adhesion that include the Late Fees provision, by enforcing the contractual provisions that provide for the imposition of the Late Fees and by imposing and collecting the Late Fees.

58. Defendant's said practices with respect to Late Fees violate the "unfair" prong of the UCL because the Late Fees: (1) constitute unfair and wrongful penalties inconsistent with the language and policy of Civil Code § 1671; and (2) constitute unconscionable provisions, in violation of various laws and policies recognized by the California Legislature and the California courts, including without limitation Civil Code § 1670.5 and the CLRA.

59. Defendant's said practices with respect to the Late Fees also violate the "unfair" prong of the UCL because the utility of the Late Fees is significantly outweighed by the gravity of the harm that they impose on consumers. The Late Fees have limited or no utility as compared with alternatives that would more fairly measure the harm (if any) incurred by Defendant when a customer makes a late payment. The gravity of the harm that the Late Fees impose on consumers is substantial in that they exceed the actual amount of harm (if any) incurred by Defendant when a member makes a late payment. Through their imposition and collection of the Late Fees from the members of the Class, Defendant has been

massively and unjustly enriched. Defendant's Late Fees also violate the "unfair" prong of the UCL because their inclusion in the Service Agreement, imposition and collection are and at all times relevant hereto have been oppressive, unscrupulous or substantially injurious to consumers.

60. Defendant's said practices with respect to the Late Fees also violate the "unfair" prong of the UCL because the Late Fees, the provision of the Service Agreement imposing the Late Fees, and Defendant's enforcement of them through the imposition and collection thereof cause substantial harm that is not outweighed by countervailing benefits to consumers or competition, and consumers could not reasonably have avoided the harm.

61. Defendant's practices with respect to the Late Fees also violate the "unfair" prong of the UCL for the reasons set forth in the Third Cause of Action, above.

62. Plaintiff and the members of the Class have suffered an injury in fact resulting in the loss of money or property as a result, *inter alia*, of having paid the Late Fees.

63. Pursuant to Bus. & Prof. Code § 17203, Plaintiff seeks an order of this Court permanently enjoining Defendant from continuing to engage in their unfair and unlawful conduct as alleged herein. Plaintiff also seeks an order, *inter alia*, requiring Defendant to:

    a. Immediately cease their unlawful acts and practices;
    b. Make full restitution of all monies wrongfully obtained; and
    c. Disgorge all ill-gotten revenues and /or profits.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, prays:

A. For an order certifying the Class and appointing Plaintiff and the undersigned counsel of record to represent the Class;

B. For a permanent injunction enjoining Defendant, their partners, joint ventures, subsidiaries, agents, servants, and employees, and all persons acting under, in concert with them directly or indirectly, or in any manner, from in any way engaging in the unfair and unlawful practices and violations of law set forth herein;

C. For full restitution of all funds acquired from Defendant's unfair business practices and other violations of law, including disgorgement of profits;

D. For imposition of a constructive trust upon all monies and assets Defendant has acquired as a result of their unfair practices;

E. For damages according to proof;

F. For a judicial declaration regarding the validity of Defendant's liquidated damages provisions in the Service Agreement;

G. For costs of suit herein;

H. For both pre- and post-judgment interest on any amounts awarded;

I. For payment of reasonable attorneys' fees; and

J. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: April 26, 2018

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _____/s/ Yeremey O. Krivoshey_____
       Yeremey O. Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No.295032)
Thomas A. Reyda (State Bar No. 312632)

1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
      jsmith@bursor.com
      ykrivoshey@bursor.com
      treyda@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Yeremey Krivoshey, declare as follows:

1. I am counsel for Plaintiff, and I am an associate at Bursor & Fisher, P.A. I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

2. The complaint filed in this action is filed in the proper place for trial because a substantial portion of the transactions occurred in this District, in that Plaintiff alleges that he incurred and paid late fees as alleged in the complaint in this District.

3. Further, Defendant is registered to conduct business with the California Secretary of State and transacts a substantial amount of business within this District.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on April 26, 2018 at Walnut Creek, California.

                                            */s/ Yeremey Krivoshey*
                                            Yeremey Krivoshey