1  JAMES R. MCGUIRE (CA SBN 189275)
   JMcGuire@mofo.com
2  SARAH N. DAVIS (CA SBN 275145)
   SarahDavis@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  NANCY R. THOMAS (CA SBN 236185)
   NThomas@mofo.com
7  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
8  Los Angeles, California  90017-3543
   Telephone: 213.892.5200
9  Facsimile: 213.892.5454

10 Attorneys for Defendant
   BLACKBAUD, INC.

11

12                  UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14

15 WILLIAM BROWN, on Behalf of        Case No. 2:18-cv-3549 AB (KSx)
   Himself and all Others Similarly
16 Situated,                          **NOTICE OF MOTION AND
                                      MOTION IN SUPPORT OF
17                Plaintiff,          DEFENDANT BLACKBAUD,
                                      INC.'S MOTION TO DISMISS
18        v.                          COMPLAINT**

19 BLACKBAUD, INC.,                   Date:    August 24, 2018
                                      Time:    10:00 a.m.
20                Defendant.          Ctrm:    7B

21                                    Hon. André Birotte Jr.

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 24, 2018 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable André Birotte Jr., United States District Court, Central District of California, Courtroom 7B, 350 West First Street, Los Angeles, California, 90012, defendant Blackbaud, Inc., will and hereby does move the Court for an order dismissing the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Marissa Torsiello in Support of Motion of Defendant Blackbaud, Inc. to Dismiss the Complaint, the records in this action, and such other written and oral argument as may be presented to the Court.

This motion is made following the conference of counsel pursuant to Civil Local Rule 7-3 which took place on June 22, 2018.

Dated:  June 29, 2018          MORRISON & FOERSTER LLP

                               By:  */s/ James McGuire*
                                    James R. McGuire
                                    Attorneys for Defendant
                                    BLACKBAUD, INC.

1

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................. 1

II.    FACTUAL BACKGROUND ............................................................... 2

III.   LEGAL STANDARD .......................................................................... 5

IV.   ARGUMENT ....................................................................................... 6

    A.    Plaintiff's Section 1671 Claim Fails Because Smart Tuition's Follow-Up Service Fee is Not Triggered By Plaintiff's Breach of A Contract with Smart Tuition. ....................................... 6

    B.    The Deficiencies in Plaintiff's 1671 Claim Demonstrate That Plaintiff Lacks Standing for All His Claims. ........................... 9

        1.    Plaintiff Lacks Standing to Challenge the Follow-Up Service Fee Directly Under Section 1671. .................... 9

        2.    Because Plaintiff Lacks Standing To Challenge the Follow-Up Service Fee Directly, His CLRA and UCL Claims Also Fail. ........................................................ 11

    C.    Plaintiff's CLRA Claim Also Fails Because Smart Tuition's Follow-Up Service Fee Is Neither Prohibited Nor Unconscionable. ...................................................................... 11

        1.    The CLRA Does Not Apply. ...................................... 11

        2.    Plaintiff Fails to Plead a Predicate Violation. ........... 12

        3.    The Follow-Up Service Fee is Not Unconscionable. ................. 12

            a.    Plaintiff Does Not Allege Any Facts to Support Procedural Unconscionability. ........................... 12

            b.    Plaintiff Does Not Allege Any Facts to Support Substantive Unconscionability Either. ............... 13

    D.    Plaintiff's UCL Claims Should Be Dismissed Because He Has Not Alleged a Predicate Violation to Support His Unlawful Claim or Sufficient Facts to Support His Conclusory Unfairness Claim. ...................................................................................... 14

        1.    Plaintiff Fails to State an "Unlawful" Claim. ........... 15

        2.    Plaintiff Fails to State an "Unfair" Claim. ................ 15

V.    CONCLUSION .................................................................................. 16

i

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Alamilla v. Hain Celestial Grp., Inc.*,
   30 F. Supp. 3d 943 (N.D. Cal. 2014)................................................................7

5

*Am. Software, Inc. v. Ali*,
   46 Cal. App. 4th 1386 (1996)...........................................................................13

6

7

*Andrew Smith Co. v. Paul's Pak, Inc.*,
   754 F. Supp. 2d 1120 (N.D. Cal. 2010)............................................................9

8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................................5, 6

9

10

*Baba v. Hewlett-Packard Co.*,
   No. C 09-05946 RS, 2010 WL 2486353
   (N.D. Cal. June 16, 2010)................................................................................16

11

12

*Beasley v. Wells Fargo Bank*,
   235 Cal. App. 3d 1383 (1991)...........................................................................4

13

*Beeks v. ALS Lien Servs.*,
   No. CV 12-2411 FMO, 2014 WL 7785745
   (C.D. Cal. Feb. 18, 2014) ............................................................................9, 10

14

15

16

*Berryman v. Merit Prop. Mgmt., Inc.*,
   152 Cal. App. 4th 1544 (2007)...................................................10, 11, 12, 14, 16

17

*Cabrera v. Countrywide Fin.*,
   No. 11–cv–4869 SI, 2012 WL 5372116 (N.D. Cal. Oct. 30, 2012)...................11

18

*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336 (9th Cir. 1996)...............................................................................5

19

20

*Cal. Grocers Ass'n. v. Bank of Am.*,
   22 Cal.App.4th 205 (1994)..............................................................................13

21

22

*Chodos v. West Publishing Co.*,
   292 F.3d 992 (9th Cir. 2002)............................................................................6

23

*Cleveland v. Deutsche Bank Nat. Trust Co.*,
   No. 08–cv–0802, 2009 WL 250017 (S.D. Cal. Feb. 2, 2009)...........................11

24

25

*Dean Witter Reynolds, Inc. v. Superior Court*,
   211 Cal. App. 3d 758 (1989)............................................................................15

26

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ..........................................................................3

27

28

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ............................................................................6

ii

1

2

### TABLE OF AUTHORITIES
### (continued)

**Page(s)**

3

4

*Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc.*,
  89 Cal. App. 4th 1042 (2001) ................................................................ 13

*Morris v. Redwood Empire Bancorp*,
  128 Cal. App. 4th 1305 (2005) .................................................. 6, 13, 14

5

6

*Parrino v. FHP, Inc.*,
  146 F.3d 699 (9th Cir. 1998) ..................................................................3

7

8

*Perdue v. Crocker Nat'l Bank*,
  38 Cal. 3d 913 (1985) ..............................................................................7

9

10

*Ruwe v. Cellco P'ship*,
  613 F. Supp. 2d 1191 (N.D. Cal. 2009) ..................................................6

11

*Schulz v. Cisco Webex, LLC*,
  No. 13–cv–04987–BLF, 2014 WL 2115168
  (N.D. Cal. May 20, 2014) ........................................................................9

12

13

*Silcox v. State Farm Mut. Auto. Ins. Co.*,
  No. 14cv2345 AJB (MDD), 2014 WL 7335741
  (S.D. Cal. Dec. 22, 2014) ...................................................................... 15

14

15

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ..................................................................7

16

*Steckman v. Hart Brewing, Inc.*,
  143 F.3d 1293 (9th Cir. 1998) ................................................................7

17

18

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) .................................................................................6

19

20

*Walter v. Hughes Comm'ns., Inc.*,
  682 F. Supp. 2d 1031 (N.D. Cal. 2010) ................................... 12, 13, 14

**Statutes**

21

22

Cal. Bus. & Prof. Code
  § 17200 ................................................................................................. 15
  § 17208 ....................................................................................................4

23

24

Cal. Civ. Code
  § 1670.5 ................................................................................................ 15
  § 1671 ........................................................................................... *passim*
  § 1671(c) ..................................................................................................9
  § 1671(d) .................................................................................. 7, 8, 12, 15
  § 1761(e) ............................................................................................... 11
  § 1770(a) ............................................................................................... 11
  § 1783 ......................................................................................................4

25

26

27

28

iii

## I.   INTRODUCTION

Plaintiff's children attend a private school, Our Lady of the Assumption, which has contracted with Smart Tuition for tuition management services.  Plaintiff agreed to make his children's tuition payments using Smart Tuition's system.  When Plaintiff failed to make his tuition payments on time, Our Lady of the Assumption (1) assessed him a late fee; and (2) passed on to him the follow-up service fee that Smart Tuition charges to the school for the services rendered by Smart Tuition to the school for delinquent accounts.  Plaintiff expressly disclaims any challenge to the school's late fee.  Instead, citing a "Service Agreement" that he has not attached to the complaint, he incorrectly characterizes the fee that *Smart Tuition charges the school*, and that *the school has passed onto him*, as an additional "late fee" and challenges it as unlawful liquidated damages under California Civil Code section 1671 and a violation of the Consumer Legal Remedies Act ("CLRA") and California's Unfair Competition Law ("UCL").  Plaintiff's claims are meritless and should be dismissed for several reasons.

First, the challenged fees are not liquidated damages under section 1671.  Plaintiff does not have, and therefore has not breached, any agreement *with Smart Tuition* to make timely tuition payments.  As such, the challenged fees obviously cannot be an attempt to "liquidate damages" for any such breach.  *See* Cal. Civ. Code § 1671 (describing "provision in a contract liquidating damages for breach of the contract.")  Indeed, Plaintiff's enrollment form for Smart Tuition's services provides that Smart Tuition processes payments (including any additional fees) on the *school's* behalf, which are deposited into the *school's* bank account.  Smart Tuition simply does not charge *Plaintiff* any late fees.

Second, and relatedly, the fees that Plaintiff challenges arise from the agreement between Smart Tuition and the school.  Plaintiff has no standing to recover from Smart Tuition under that contract either directly or indirectly through consumer protection claims.

1

<u>Third</u>, the Court should dismiss Plaintiff's CLRA claims because the services are not prohibited or unconscionable.  Plaintiff has not alleged that any statute prohibits a for-profit service provider, such as Smart Tuition, from assessing service fees.  Nor has Plaintiff alleged facts to support a claim that the fee provisions "shock the conscience" or are otherwise unconscionable under California law.

<u>Fourth</u>, Plaintiff's "unlawful" and "unfair" UCL claims fail because he has not sufficiently alleged any predicate violations, and he has failed to allege what is unfair to Plaintiff about a service provider charging someone other than Plaintiff a fee for the services it provides to that party.

The Court should dismiss Plaintiff's claims in their entirety.

## II.   FACTUAL BACKGROUND

Smart Tuition serves as a tuition management system and school tuition software platform for private schools in California.[1]  (Compl. ¶¶ 1, 15.)  Smart Tuition provides student billing and payment processing platforms for private schools.  (*Id*. ¶ 1.)  In addition to providing payment processing services, Smart Tuition also provides a follow-up service to its participant schools if a parent does not pay tuition on time. (Decl. of Marissa Torsiello in Supp. of Def. Blackbaud Inc.'s Mot. to Dismiss ("Torsiello Decl."), Ex. D ("Enrollment Form").)  The follow-up service may include following-up with the parent via mail, telephone, or email.  (*Id.*)  The school may choose to pass on the fee for the follow-up service ("Follow-Up Service Fee") to the parent.  (*Id.*)  If the school does so, the Follow-Up Service Fee may be assessed in addition to any late fee assessed by the school.  (*Id.*)

Plaintiff alleges that "Smart Tuition forces parents to enter a "Service Agreement," but Plaintiff fails to attach this agreement, or any other agreement, to

---

[1] Defendant Blackbaud, Inc. acquired Smart Tuition in 2015.  (Compl. ¶ 1.) For the purposes of this motion and consistency with Plaintiff's complaint, all references to Smart Tuition and Blackbaud will refer to the Defendant, Blackbaud, Inc.

the Complaint.  (*See* Compl. ¶ 3.)  The terms and conditions governing the use of Smart Tuition's platform are set out in the Enrollment Form.  (Torsiello Decl. ¶ 8, Ex. D.)[2]

The Enrollment Form explains that both a late fee and the Follow-Up Service Fee may be assessed by the school if a parent is late paying their tuition:

- **Late Fees:**  Any payment that is not received by Smart Tuition by your due date is considered late and may receive a late fee.  In the event that your account becomes delinquent, **Smart Tuition may provide your school a follow-up service** which will contact you via mail, telephone, or e-mail.  Your account may be charged a fee as a result of this service.  This fee is in addition to any late fees **charged by your school**.

(*Id.* (emphasis added).)

The Enrollment Form also conveys that Plaintiff's obligation to make timely tuition payments is one that runs to his children's school.  It provides:  "Smart Tuition receives, processes, and deposits your payments into [the] **school's bank account**."  (Torsiello Decl., Ex. D (emphasis added).)  That Plaintiff's obligations are to the school—not Smart Tuition—is confirmed by other provisions in the Enrollment Form:

- **Late Enrollment:** If Smart Tuition does not receive your enrollment form on time, your first payment date will be moved forward. **Your school may require** you to catch up any missed payments on your first due date or may establish a plan with a smaller number of larger payments.

- **Refunds:** Smart Tuition does not issue cash refunds. Overpayments will be carried on your account and credited to future tuition payments. All reimbursements or refunds must be arranged with **your school.**

---

[2] A court may consider documents that plaintiffs necessarily rely upon in their complaint when ruling on a motion to dismiss to prevent the plaintiff from surviving dismissal by deliberately omitting references to documents upon which their claims are based.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Because Plaintiff's allegations necessarily rely on the terms in Smart Tuition's Enrollment Form, and because Plaintiff failed to attach the alleged "Service Agreement" to his Complaint, the Court should consider the Enrollment Form.

3

(*Id.* (emphasis added).)

Smart Tuition's invoices reiterate these terms and further remind Plaintiff about the potential for late fees and Follow-Up Service Fees:

- Smart Tuition receives, processes, and deposits your payments into **your school's bank account**.

- **Follow-up Service**: Any payment that is not received by Smart Tuition by your due date is considered late and may receive a late fee. In the event that your account becomes delinquent, **Smart Tuition may provide your school a follow-up service** where Smart may contact you via mail, telephone, or e-mail. Your account may be charged an additional fee as a result of this service. This fee is in addition to any late fees **charged by your school.**

(Torsiello Decl., Ex. E at 2 (emphasis added).)

**Plaintiff's experience.** Plaintiff first enrolled in Smart Tuition's payment processing services to make tuition payments to his children's school in March 2008. (Compl. ¶ 9; Torsiello Decl., Exs. A & B.) Plaintiff agreed to the terms of the Enrollment Form, which authorized his school to re-enroll him in Smart Tuition's payment program automatically for subsequent school years, and he has been enrolled each year since 2008. (Torsiello Decl., ¶¶ 3, 7, 9 and Exs. A, B, & D; Compl. ¶ 9.)[3] Smart Tuition's Terms and Conditions have not materially changed while Plaintiff has been enrolled. (*Compare* Torsiello Decl. Ex. B *with* Torsiello Decl. Ex. D.)[4]

The Complaint alleges and the Enrollment Form provides that Smart Tuition

---

[3] Smart Tuition's enrollment forms have a one-year term. The longest statute of limitations period for any of Plaintiff's claims is four years. *Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1383, 1401-02 (Ct. App. 1991) (four-year statute of limitations period to 1671 claims for liquidated damages); Cal. Bus. & Prof. Code § 17208 (four-year statute of limitations period for a UCL claim); Cal. Civ. Code § 1783 (three-year statute of limitations period for a CLRA claim). As such, the contracts relevant to this action are for the school years starting in 2013-2014 to the present.

[4] As the terms have not materially changed since 2008, and the provisions relied on in this Motion have not changed since 2013 (Torsiello Decl. ¶ 9), Smart Tuition refers and cites to the current Enrollment Form throughout the Motion.

4

processes and transmits the tuition payments (including any additional fees) into the school's bank account.  (*See* Torsiello Decl., Ex. D; Compl. ¶ 3.)  Plaintiff does not allege that he is a party to the agreement between Smart Tuition and his children's school.  (Compl. ¶ 2.)

Over the past four years, Plaintiff alleges that he was late on his tuition payments 28 times and was charged $50 for each past-due payment.  (*Id.* ¶ 9.)  Plaintiff does not challenge the portion of the $50 that is the actual late fee assessed by his school.  (*Id.* ¶ 3 (definition of "Late Fee").)  Instead, he challenges only the portion of the fee that corresponds to the Follow-Up Service Fee, which he both misnames and mischaracterizes as a "Late Fee."  (*Id.*)

Plaintiff's Complaint rests on his theory that the Follow-Up Service Fee is not a "reasonable measure or approximation of [Smart Tuition's] damages."  (Compl. ¶ 21.)  Plaintiff's claims—for violations of Civil Code section 1671, the CLRA, and the UCL—are all based on the incorrect premise that the charge for Follow-Up Service Fee is an impermissible liquidated damages provision.  (*See* Compl. ¶¶ 35, 40, 48, 58.)

Smart Tuition moves to dismiss Plaintiff's Complaint because a fee charged to a third party (Plaintiff's school) does not constitute liquidated damages, Plaintiff lacks standing to challenge that fee, and Plaintiff's claims otherwise lack merit.

## III.   LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court must accept all factual allegations pled in the Complaint as true, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), but need not accept unreasonable inferences or legal conclusions cast in the form of factual allegations.  *See Iqbal*, 556 U.S. at 681.  Determining whether a complaint states a plausible claim for relief is "a context-specific task

5

that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).  To determine whether a complaint states a claim, a court can consider the contents of the complaint, exhibits to the complaint, documents incorporated into the complaint by reference, and matters properly subject to judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

## IV.   ARGUMENT

### A.   Plaintiff's Section 1671 Claim Fails Because Smart Tuition's Follow-Up Service Fee is Not Triggered By Plaintiff's Breach of A Contract with Smart Tuition.

California Civil Code section 1671 governs the validity of liquidated damages provisions, which are provisions in a contract that specify a fixed amount of damages for a breach of that contract.[5]  Cal. Civ. Code § 1671.  For section 1671 to even apply, however, the challenged provision must actually constitute liquidated damages.  *Chodos v. West Publishing Co.*, 292 F.3d 992, 1002 (9th Cir. 2002). California courts define liquidated damages as "an amount of compensation to be paid in the event of a breach of contract, the sum of which is fixed and certain by agreement."  *Id*; *Ruwe v. Cellco P'ship*, 613 F. Supp. 2d 1191, 1196 (N.D. Cal. 2009).  "[T]o constitute a liquidated damages clause the conduct triggering the payment must in some manner breach the contract."  *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1315 (2005) (citation omitted).  Whether a provision is a liquidated damages provision is a question of law for the court to decide.  *Ruwe,* 613 F. Supp. 2d at 1196.

Here, Plaintiff cannot state a claim under 1671 because the Follow-Up Service Fee is not triggered by Plaintiff's breach of a contract between Plaintiff and Smart Tuition—Plaintiff has no obligation to Smart Tuition to make his school

---

[5] Subsequent undesignated section references are to the California Civil Code.

6

tuition payments on time.  Plaintiff does not allege that he has any such obligation.

Instead, he acknowledges that Smart Tuition provides payment processing services

*on behalf of* his children's private school.  (Compl. ¶ 1.)  Plaintiff's Enrollment

Form and invoices all confirm that Plaintiff's obligation to pay is to his children's

school and that Smart Tuition is the payment processor.[6]  (Torsiello Decl., Exs. D

& E.)  Indeed, the Enrollment Form and invoices all inform parents that Smart

Tuition processes the payments and deposits the funds into the school's bank

account.  (*Id*.)  Other parts of the Enrollment Form further confirm that Plaintiff's

obligation to make his children's tuition payments is to the school, not Smart

Tuition:

- **Late Enrollment:** If Smart Tuition does not receive your enrollment form on time, your first payment date will be moved forward. **Your school may require** you to catch up any missed payments on your first due date or may establish a plan with a smaller number of larger payments.

- **Refunds:** Smart Tuition does not issue cash refunds. Overpayments will be carried on your account and credited to future tuition payments. All reimbursements or refunds must be arranged with **your school.**

(*Id.* (emphasis added).)

In fact, the Smart Tuition enrollment form and invoices note that the *school*

---

[6] Despite Plaintiff's allegation that a "Service Agreement" governs the relationship between himself and Smart Tuition, Plaintiff's account with Smart Tuition is actually governed by his annual enrollment form, the key terms of which are included on each invoice for his convenience.  Any allegation based on the alleged "Service Agreement," which is not supported by the Enrollment Form is properly disregarded.  The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998), and "need not [ ] accept as true allegations that contradict matters properly subject to judicial notice or by exhibit," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (affirming dismissal of plaintiff's claim where document attached to the complaint contained factual allegations that fatally undermined his claim); *see also Alamilla v. Hain Celestial Grp., Inc.*, 30 F. Supp. 3d 943, 944 (N.D. Cal. 2014) (dismissing complaint with prejudice where article referenced in the complaint contradicted the allegations in the complaint).

7

may charge an actual late fee if payment is not received by the school's set deadline.  (*Id.*; Ex. E ("A late fee may be assessed **by your school** if balances due are not paid and posted by your established due date.") (emphasis added).)  Because Plaintiff's obligation to make timely payments is to his children's school and not Smart Tuition, Plaintiff has not identified any breach of his agreement with Smart Tuition that triggers the Follow-Up Service Fee, which precludes its classification as liquidated damages.  *See Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913, 932 (1985) (dismissing 1671(d) claim because the plaintiff failed to identify any breach of the agreement between plaintiff and defendant).

Plaintiff has not identified a provision that obligates him to pay *Smart Tuition* the Follow-Up Service Fee either.  The Follow-Up Service provision states both that "Smart Tuition may provide *your school* a follow-up service" and that "*[y]our account may* be charged a fee as a result of this service."  (Torsiello Decl., Ex. B & D (emphasis added).)  As explained in Smart Tuition's Enrollment Form and restated in its invoices, Smart Tuition only "receives, process, and deposits [Plaintiff's] payments into [his children's] school's bank account."  (Torsiello Decl., Exs. D, & E.)

The fact that Plaintiff's obligation is to the school and not to *Smart Tuition* for the follow-up service is further confirmed by the lack of specified amounts for the follow-up service and the school's late fee in the invoices sent to Plaintiff. (Torsiello Decl., Ex. E.)  If Plaintiff misses his payment due date, the invoices provide one lump sum, which includes principal, the school's late fee, and the Follow-Up Service Fee—there is no breakout to Smart Tuition for its Follow-Up Service Fee versus the total amount due to his school.  (*Id.*)  Thus, because Plaintiff cannot identify a breached obligation to Smart Tuition or an obligation to pay Smart Tuition the challenged fee—Plaintiff fails to identify a liquidated damages

provision, so he cannot pursue a claim for violation of section 1671.[7]

## B. The Deficiencies in Plaintiff's 1671 Claim Demonstrate That Plaintiff Lacks Standing for All His Claims.

### 1. Plaintiff Lacks Standing to Challenge the Follow-Up Service Fee Directly Under Section 1671.

Plaintiff cannot challenge the fee Smart Tuition charges to the school because he is not a party to or a third-party beneficiary of the contract between Smart Tuition and the school. *See Schulz v. Cisco Webex, LLC,* No. 13–cv–04987–BLF, 2014 WL 2115168, at *3–5 (N.D. Cal. May 20, 2014) (granting motion to dismiss plaintiff's breach of contract, negligent performance of contractual duties, and unjust enrichment claims for lack of standing on ground that plaintiff had not shown that she was either a party to or a third-party beneficiary of the contract at issue); *Andrew Smith Co. v. Paul's Pak, Inc.,* 754 F. Supp. 2d 1120, 1133 (N.D. Cal. 2010) ("A third party who is only incidentally benefited by a contract does not have standing to enforce the contract.").

As discussed *supra*, Plaintiff's agreement with Smart Tuition does not obligate Plaintiff to pay *Smart Tuition* anything—it merely informs Plaintiff that his children's school may pass on fees for Smart Tuition's follow-up services if he is delinquent on tuition payments. (*See supra* at Section IV.A.) The actual contract that provides for the assessment of the fee is the contract between Smart Tuition

---

[7] Even if Plaintiff could overcome this hurdle, he errs in alleging that subsection (d) of section 1671 applies. That subsection applies only where the liquidated damages are sought to be recovered from "a party to a contract for the retail purchase, or rental, by such party of personal property or services, primarily for the party's personal, family, or household purposes" or a party to a contract for lease of a dwelling. Cal. Civ. Code § 1671(c). Here, the fee arises from a contract between Smart Tuition and Plaintiff's children's school, which is not "primarily for [either] party's personal, family, or household purposes." *Id.*, § 1671(c)(1); *see Beeks v. ALS Lien Servs.*, No. CV 12-2411 FMO (PJWx), 2014 WL 7785745, at *13 (C.D. Cal. Feb. 18, 2014) (finding a contract between a collection agency and homeowners' association was subject to subsection (b)). Moreover, Plaintiff fails to allege any facts that could support a claim under either subsection (b) or (d).

9

1   and Plaintiff's children's school.  Plaintiff does not claim to be a party to that

2   contract—nor could he.  (*See* Compl. ¶ 2.)  Thus, he can only challenge the terms of

3   that contract if he is a third-party beneficiary of the contract, which he is not.

4   *Beeks*, 2014 WL 7785745, at *13.

5        *Beeks v. ALS Lien Services* is instructive.  *Id*.  In *Beeks*, the plaintiff

6   challenged as void under section 1671 a collection fee charged by a collection

7   agency to her homeowner's association, which then passed the fee on to her.  *Id.* at

8   *12.  Like here, even though the plaintiff was not a party to the agreement between

9   the collection agency and the association, she alleged that the flat fee the collection

10  agency charged was a liquidated damages provision and thus unenforceable.  *Id*.

11  Plaintiff argued that she had standing to challenge the fee because as the "target" of

12  the collection efforts she was a third-party beneficiary of the contract.  *Id.* at *13.

13  The court rejected her argument, finding that "this definition would substantially

14  expand the notion of what a 'beneficiary' is," and dismissed her section 1671 claim

15  for lack of standing.  *Id.*

16        The Court should reach the same result here*.*  As in *Beeks*, Smart Tuition has

17  a contractual agreement to provide a service to Plaintiff's children's school and

18  charges the school a fee for that service.  *See id*. at *2; (*see supra* at Sections II &

19  IV.A.)  Plaintiff, as the "target" of that activity, cannot be anything more than an

20  incidental beneficiary of the contract between Smart Tuition and his children's

21  school.  *Id.* at *13; *see also Berryman v. Merit Prop. Mgmt*., *Inc*., 152 Cal. App. 4th

22  1544, 1553 (2007) (finding plaintiffs did not have standing to challenge a fee

23  assessed pursuant to a contract to which they were not a party, even though the fee

24  was subsequently passed on to them).  Thus, because Plaintiff is neither a party to

25  nor a third-party beneficiary of the contract between Smart Tuition and his

26  children's school, Plaintiff lacks standing to assert any claims under section 1671.

27

28

### 2. Because Plaintiff Lacks Standing To Challenge the Follow-Up Service Fee Directly, His CLRA and UCL Claims Also Fail.

The same standing problem defeats Plaintiff's other claims as well. California law is clear: "plaintiffs cannot use contracts [that they lack standing to enforce] "to bootstrap liability under other theories, such as the UCL, CLRA or common law theories such as negligence. Permitting such recovery would completely destroy the principle that a third party cannot sue on a contract to which he or she is merely an incidental beneficiary." *Berryman*, 152 Cal. App. 4th at 1553; *Cabrera v. Countrywide Fin.*, No. 11–cv–4869 SI, 2012 WL 5372116, at *8 (N.D. Cal. Oct. 30, 2012) (dismissing claims for violations of unfair competition law and other claims for lack of standing because plaintiff was not a party to the contract); *Cleveland v. Deutsche Bank Nat. Trust Co.*, No. 08–cv–0802, 2009 WL 250017, at *2 (S.D. Cal. Feb. 2, 2009) (same).

Here, Plaintiff's CLRA and UCL claims are based wholly on his challenge to Smart Tuition's Follow-Up Service Fee. (*See* Compl. ¶¶ 40, 41, 47-51, 57-61.) Plaintiff lacks standing to challenge the Follow-Up Service Fees directly, so he cannot attack them through the UCL or CLRA either.

### C. Plaintiff's CLRA Claim Also Fails Because Smart Tuition's Follow-Up Service Fee Is Neither Prohibited Nor Unconscionable.

Even if Plaintiff had standing to pursue his CLRA claim, he has not pled and cannot plead a claim that the Fee is "prohibited" (section 1770(a)(14)) or "unconscionable" (section 1770(a)(19)).

### 1. The CLRA Does Not Apply.

First, the CLRA does not apply here as the challenged conduct arises out of a contract between a company and a private school, not a consumer. *See* Cal. Civ. Code § 1761(e) (defining transactions as an agreement between a *consumer* and any other person); *id.* § 1770(a) (limiting application to transactions); *see also Berryman*, 152 Cal. App. at 1558 (dismissing CLRA claim because the challenged

11

transaction did not involve a consumer).

### 2.     Plaintiff Fails to Plead a Predicate Violation.

Second, Plaintiff fails to identify the predicate violation of law that is required to pursue a claim under section 1770(a)(14).  Plaintiff's only statutory basis for alleging that the service fee is prohibited is section 1671(d).  (Compl. ¶ 7.)  As discussed above, Plaintiff may not pursue a claim under section 1671 and even if he could, section 1671(d) does not apply here.  So Plaintiff fails to allege any way in which the Follow-Up Service Fee Provision is "prohibited by law," the only basis Plaintiff asserts for his section 1770(a)(14) claim.  (*Id.* ¶ 40.)

As the California Court of Appeal explained in addressing the overarching problem with both a plaintiff's CLRA and UCL claims, "[t]he implication . . . that a for-profit business must have statutory or contractual authorization for providing a service to a third party and charging a fee for that service is fundamentally flawed.  Indeed, it is up to plaintiffs to demonstrate why a statute or contract *prohibits* the [defendant] from doing so." *Berryman*, 152 Cal. App. 4th at 1553.  Plaintiff has not done so here.

### 3.     The Follow-Up Service Fee is Not Unconscionable.

Third, Plaintiff fails to allege that the Follow-Up Service Fee is both procedurally and substantively unconscionable.  *See Walter v. Hughes Comm'ns, Inc.*, 682 F. Supp. 2d 1031, 1046 (N.D. Cal. 2010) (explaining that a claim of unconscionability requires plaintiff to plead facts supporting both procedural and substantive unconscionability and dismissing claim under section 1770(a)(19) for failure to sufficiently plead substantive unconscionability).  Plaintiff fails to sufficiently allege either.

#### a.     Plaintiff Does Not Allege Any Facts to Support Procedural Unconscionability.

Plaintiff's only allegation regarding procedural unconscionability is that *his* agreement with Smart Tuition is "a contract of adhesion under California law."

1   (Compl. ¶ 16.)  But as discussed *supra,* the only entity to which Smart Tuition

2   charges the Follow-Up Service Fee is Plaintiff's children's school.  Thus, Plaintiff's

3   allegations of procedural unconscionability pertain to the wrong contract and are

4   properly disregarded.

5       **b.    Plaintiff Does Not Allege Any Facts to Support
            Substantive Unconscionability Either.**

6

7       Plaintiff also fails to allege any facts as to substantive unconscionability.  To

8   establish substantive unconscionability the contract terms must be "'so extreme,'

9   'unfair' or 'overly harsh' as to 'shock the conscience.'"  *Cal. Grocers Ass'n. v.*

10  *Bank of Am.*, 22 Cal.App.4th 205, 214-15 (1994); *accord*, *Marin Storage &*

11  *Trucking, Inc. v. Benco Contracting & Eng'g, Inc.*, 89 Cal. App. 4th 1042, 1055

12  (2001).  This heightened standard serves a necessary function: "With a concept as

13  nebulous as 'unconscionability,' it is important that courts not be thrust in the

14  paternalistic role of intervening to change contractual terms that the parties have

15  agreed to merely because the court believes the terms are unreasonable."  *Am.*

16  *Software, Inc. v. Ali*, 46 Cal. App. 4th 1386, 1391 (1996).

17      Plaintiff's allegations as to substantive unconscionability are limited to two

18  conclusory allegations:  the Follow-Up Service Fee is "unreasonably favorable to

19  [Smart Tuition]" and "ha[s] no relationship whatsoever to any damages incurred by

20  Defendant."  (*See* Compl. ¶ 50.)  This is not enough.

21      First, "[a]llegations that the price exceeds cost or fair value, standing alone,

22  do not state a cause of action" for unconscionability.  *Morris*, 128 Cal. App. 4th at

23  1323.  "Basing an unconscionability determination on the reasonableness of a

24  contract provision would inject an inappropriate level of judicial subjectivity into

25  the analysis."  *Id.* at 1322.  Courts require allegations that the challenged fee is

26  "grossly out of line with fees charged by other[s]," (*id.*) that the fees are

27  inconsistent with or overly harsh as compared with service fees charged by other

28  similarly-situated third-party service providers, or that the defendant incurred no

13

costs in providing its services.  *See Walter*, 682 F. Supp. 2d at 1046; *Morris*, 128 Cal. App. 4th at 1323 (same).  Plaintiff has not alleged any such facts.

Second, Plaintiff's allegation that Smart Tuition's Follow-Up Service Fee has no relationship to the "damages" incurred by Smart Tuition fares no better.  As discussed *supra*, the Follow-Up Service Fee is not a liquidated damages provision—it is a fee for the "follow-up service [provided to the school] where Smart may contact [parents] via mail, telephone, or e-mail."  (Torsiello Decl., Exs. B, D, & E.)  The California Court of Appeal has rejected similar CLRA and UCL claims based on the theory that fees charged by for-profit third-party service providers must correspond to the costs of providing the service.  *See Berryman*, 152 Cal. App. 4th at 1553 ("The implication, however, that a for-profit business must have statutory or contractual authorization for providing a service to a third party and charge a fee for that service, is fundamentally flawed.")  It is simply not the law, nor should it be, that a for-profit entity has to tie the price of its services to its actual costs.

Substantive unconscionability is a high standard and Plaintiff has not pled the facts required to support a claim.  *See Walter*, 682 F. Supp. 2d at 1047; *see also Morris*, 128 Cal. App. 4th at 1324 (affirming dismissal of unconscionable claim where plaintiff failed to plead any facts that the termination fee was grossly out of line with fees charged by other banks).

**D.     Plaintiff's UCL Claims Should Be Dismissed Because He Has Not Alleged a Predicate Violation to Support His Unlawful Claim or Sufficient Facts to Support His Conclusory Unfairness Claim.**

Plaintiff likewise fails to state a claim under either the "unlawful" or "unfair" prong of the UCL.  Plaintiff's "unlawful" claim fails because he has not stated a claim for any predicate violation, and his "unfair" claim fails because he has not identified any injury or alleged that he could not have reasonably avoided the fee.  Thus, even if the Court reaches the substance of these claims (*see supra* at

14

Section IV.B.2), dismissal is still warranted.[8]

### 1.    Plaintiff Fails to State an "Unlawful" Claim.

"Although the 'unlawful' prong of the UCL 'borrows' violations of other laws and makes them independently actionable, Plaintiff's complaint must set forth facts from which the Court can conclude a violation occurred." *Silcox v. State Farm Mut. Auto. Ins. Co.*, No. 14cv2345 AJB (MDD), 2014 WL 7335741, at *5 (S.D. Cal. Dec. 22, 2014). "Where [P]laintiff cannot state a claim under the 'borrowed' law, [he] cannot state a UCL claim either." *Id.* Plaintiff's "unlawful" claim is predicated upon alleged violations of Civil Code sections 1671(d) and 1670.5 and the CLRA. (Compl. ¶¶ 48, 49, 51.) For the reasons explained above, Plaintiff has not identified any liquidated damages provision, so section 1671 does not apply. (*See supra* at Section IV.A.) Nor has he stated a claim based on the CLRA. (*See supra* at Section IV.B.)

The only remaining alleged predicate violation is for Section 1670.5, but it fails too. Section 1670.5 codifies the *defense* of unconscionability; it does not create an affirmative cause of action. *Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal. App. 3d 758, 764 (1989). Accordingly, it cannot provide a basis for Plaintiff's "unlawful" claim.[9] Because Plaintiff has failed to identify and plead the requisite predicate violation of law, his "unlawful" UCL claim must be dismissed.

### 2.    Plaintiff Fails to State an "Unfair" Claim.

Plaintiff's "unfair" claim fares no better than his "unlawful" claim. A practice is "unfair" under the UCL if it results in substantial consumer injury, is not outweighed by any countervailing benefits to consumers, and is not an injury the

---

[8] Plaintiff has not alleged any violation of the "fraudulent" prong of the UCL. *See* Cal. Bus. & Prof. Code § 17200.

[9] The Follow-Up Service Fee is also not unconscionable for all the reasons discussed *supra* at Section IV.C.

1  consumers themselves could reasonably have avoided.  *Berryman*, 152 Cal.App.4th

2  at 1555-56.

3         Here, Plaintiff has failed to allege any injury caused by Smart Tuition.

4  Plaintiff breached his obligation to pay tuition to his child's school, and as a result

5  of that breach, Smart Tuition charged *the school* a Follow-Up Service Fee.  (*See*

6  Compl. ¶ 3; Torsiello Decl., Exs. A & B.)  The school, which is not a party here,

7  then passed along that fee to Plaintiff.

8         Plaintiff also has not alleged that there is no countervailing benefit to the

9  Follow-Up Service Fee or that he could not have avoided the Follow-Up Service

10  Fee.  The opposite is true:  Plaintiff is the *only one* who could have avoided the

11  Follow-Up Service Fee by paying the tuition fees on time.  Plaintiff's conclusory

12  allegations that the utility of the Follow-Up Service Fee is "significantly

13  outweighed by the gravity of the harm that they impose on consumers" (*see* Compl.

14  ¶ 59) and that the Follow-Up Service Fee is "oppressive, unscrupulous or

15  substantially injurious to consumers" (*id.*) fall short.  *See Baba v. Hewlett-Packard*

16  *Co.,* No. C 09-05946 RS, 2010 WL 2486353, at *7 (N.D. Cal. June 16, 2010)

17  (finding similar allegations insufficient to state an "unfair" claim).  The Court

18  should dismiss Plaintiff's "unfair" claims.

19  **V.    CONCLUSION**

20         For the foregoing reasons, Defendant Blackbaud, Inc. respectfully requests

21  that the Court dismiss Plaintiff's Complaint in its entirety.

22  Dated:  June 29, 2018                   MORRISON & FOERSTER LLP

23                                          By:  */s/ James McGuire*
                                                 _____
24                                               James R. McGuire

25                                          Attorneys for Defendant

26                                          BLACKBAUD, INC.

sf-3912198

27

28

16