UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No.: | CV 18-03549-AB (KSx) | Date: | July 25, 2019 |
|---|---|---|---|

| Title: | *William Brown v. Blackbaud, Inc.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Before the Court is Defendant Blackbaud, Inc.'s ("Defendant") Motion to Dismiss Second Amended Complaint ("Motion," Dkt. No. 50). Plaintiff William Brown ("Plaintiff") filed an opposition and Defendant filed a reply. The Court heard oral argument on June 7, 2019. For the following reasons, the Motion is **GRANTED**.

**I.    BACKGROUND**

The basic facts and background of this case are set forth at length in the Court's Order Granting Motion to Dismiss First Amended Complaint ("Order," Dkt. No. 42), with which this Order assumes familiarity.

In brief, Plaintiff's children attend a private school that requires him to use Defendant's Smart Tuition online payment service to make tuition payments for his children. Second Am. Compl. ("SAC," Dkt. No. 43) ¶21. When Plaintiff is late for a tuition payment, his Smart Tuition account is assessed a $40 Follow-Up Fee.[1] *Id.*

---

[1] When Plaintiff pays late, he is also charged a $10 Late Fee, but he does not challenge the Late Fee.

Although Defendant contends that it charges the Follow-Up Fee to the school for sending parents like Plaintiff a follow-up email about their late tuition and the school passes that fee through to parents, Plaintiff alleges that Defendant actually charges the fee directly and on its own behalf. *Id.* ¶¶ 5-7. Plaintiff asserts that, for this reason, Defendant (and not his children's school) is the appropriate defendant.

In this putative class action, Plaintiff alleges that the Follow-Up Fees "constitute unlawful penalties that are void and unenforceable under California Civil Code § 1671 []; [are] unlawful and unfair under California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq*. []; and [are] unconscionable under California Civil Code § 1750 *et seq*., the Consumers Legal Remedies Act (the 'CLRA')." SAC ¶ 19. Plaintiff also alleges that Defendant's collection of the underlying tuition payments, Late Fees, and Follow-Up Fees violates the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code § 1788, *et seq*., and that Defendant has been unjustly enriched by collecting the Follow-Up Fees. *Id.*

Except for the separate unjust enrichment claim, Plaintiff asserted all of these claims in his FAC, which the Court dismissed with leave to amend. Plaintiff expressly re-pleads his RFDCPA claim only "for purposes of appeal," *see* SAC p. 24, so the Court will dismiss this claim without further discussion. As to the other claims, the Court finds that the slight changes reflected in the SAC do not remedy the deficiencies identified in the FAC, and therefore the SAC will be dismissed with prejudice.

## II.   LEGAL STANDARD

Fed. R. Civ. Proc. 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Fed. R. Civ. Proc. 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," that is, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A court may dismiss a complaint under Rule 12(b)(6) based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, a court may consider other materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The court may also take judicial notice of undisputed facts that are contained in extrinsic materials. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689-90.

## III.   DISCUSSION

### A. The Motion is <u>GRANTED</u> as to Plaintiff's Claim Under § 1671.

As before, Plaintiff's § 1671 claim turns on his allegation that the Follow-Up Fees applied to his account are liquidated damages that are void under § 1671. "[T] to constitute liquidated damages, the contractual provision must: (1) arise from a breach, and (2) provide a fixed and certain sum." *Ruwe v. Cellco Partnership*, 613 F. Supp. 2d 1191, 1196 (N.D. Cal. 2009) (*quoting Chodos v. West Publ'g Co.*, 292 F.3d 992, 1002 (9th Cir. 2002)). The Court previously found that the Follow-Up Fee was not a liquidated damages clause because it did not arise from Plaintiff's breach of any contract with Defendant. Specifically, "the only contract between Plaintiff and Defendant is the Enrollment Agreement. This Agreement does not include a promise by Plaintiff to Defendant to pay on time, so there can be no breach of that promise as required to trigger the alleged liquidated damages provision, the Follow-Up Fee. Accordingly, Plaintiff has not shown that the Follow-Up Fee is a liquidated damage arising from any breach of his Agreement with Defendant, so he cannot state a legally cognizable § 1671 claim against Defendant." Order 7:26-8:4.

The SAC adds new allegations concerning an Addendum between *the school* and Defendant.[2] But this agreement between the school and Defendant does nothing to remedy the flaw in the FAC: that Plaintiff has not shown that his obligation to pay on time was to Defendant. The Order found this claim deficient because it failed to show

---

[2] The Addendum provides for the assessment of the Follow-Up Fee. It also permits the school to zero-out outstanding balances and waive a limited number of Follow-Up Fees, but states that otherwise fees due to Defendant should not be eliminated and Defendant reserves the right to collect them. SAC ¶¶ 6, 7, Ex. 1.

3

that the Fee was charged for a breach of any agreement between Plaintiff and Defendant (as opposed to Plaintiff and his school), so the Fee cannot constitute liquidated damages. In effect, Plaintiff's opposition seeks reconsideration of this determination, but the Court is not persuaded that any of the grounds for reconsideration applies. The SAC therefore fails to plead a claim under § 1671, so this claim is dismissed.

### B. Plaintiff Lacks Standing to Pursue His Claims.

As discussed above, Defendant assesses the Follow-Up Fee against the school as provided in the Addendum, and the school decides whether to recover that fee from families, which it does via the Smart Tuition payment processing system. Plaintiff is not a party to the contract between Defendant and the school, nor is he a third-party beneficiary of that contract—indeed, he admits he is not a third-party beneficiary. *See* Opp'n p. 8, fn. 3. As such, Plaintiff lacks standing to challenge the Follow-On Fee because he is not a party to the contract that provides for it. Because the school chooses to pass this fee on to Plaintiff, Plaintiff may pursue the school, but he has deliberately chosen not to. But the bottom line is that because the Follow-Up Fee arises from the contract between Defendant and the school, Plaintiff lacks standing to challenge it under any of his theories. *See Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1553 (2007) (because plaintiffs are not parties to the contracts, they "cannot use the contracts to bootstrap liability under other theories, such as the UCL, CLRA or common law theories such as negligence. Permitting such recovery would completely destroy the principle that a third party cannot sue on a contract to which he or she is merely an incidental beneficiary.").

### C. Plaintiff's Claims Fail In Any Event.

Plaintiff asserts claims that the Follow-Up Fee violates the CLRA because it is "prohibited" (§ 1770(a)(14)) or "unconscionable" (§ 1170(a)(19)). Plaintiff's UCL and unjust enrichment claims are premised on the same reasoning. Assuming *arguendo* that Plaintiff has standing to pursue these claims, all of them fail.

#### 1. The CLRA Does Not Apply

Defendant argues that the CLRA claims fail because this statute applies only to transactions between a consumer and any other person, *see* Cal. Civ. Code §1761(e), but here, the Follow-Up Fee arises from the contract between Defendant and the school. Plaintiff does not respond to this argument, and therefore concedes it.

Previously, the Court rejected this argument because the Enrollment Agreement between Plaintiff and Defendant was in issue, and the genesis of the Follow-Up Fee was not yet clear. But now, the SAC includes the Defendant-School Addendum, and it is clear that the Fee arises from the Addendum. Although Plaintiff is a consumer, he is not a party to the Addendum, and neither party to the Addendum is a consumer. The CLRA claims

therefore fail.

### 2. Any Claims Based on Violation of § 1671 Fail.

Plaintiff's remaining claims turn in part on his predicate claim under § 1671. Because the § 1671 claim fails, so do his dependent claims.

### 3. Claims Premised on Unconscionability Also Fail.

Plaintiff's CLRA, UCL, and Unjust Enrichment claims also turn in part on his allegation that the Follow-Up Fee is unconscionable.[3]

A claim of unconscionability requires a plaintiff to plead facts supporting both procedural and substantive unconscionability. *See Walter v. Hughes Commc'ns, Inc.*, 682 F. Supp. 2d 1031, 1046 (N.D. Cal. 2010). "'Procedural unconscionability' concerns the manner in which the contract was negotiated and the circumstances of the parties at that time. [] It focuses on factors of oppression and surprise." *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1319 (2005) (citation omitted). A contract term is substantively unconscionable if it is "so one-sided as to 'shock the conscience,' or . . . 'impose harsh or oppressive terms.'" *24 Hour Fitness, Inc. v. Superior Court*, 66 Cal. App. 4th 1199, 1213 (1998). In addition, a sliding scale is applied so that "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Morris*, 128 Cal. App. 4th at 1317. Whether a contract provision is unconscionable is a question of law. *Id.*, at 1316.

Previously, the Court did not address procedural unconscionability, and dismissed this claim only on the ground that Plaintiff did not plead facts to establish substantive unconscionability. Now, the Court will address both elements.

Plaintiff claims that the Enrollment Agreement is a contract of adhesion and does not disclose the Follow-Up Fee, rendering Defendant's collection of this fee procedurally unconscionable. It does appear that the Enrollment Agreement is a contract of adhesion, but the court must still consider whether the challenged term is a "surprise." *See Morris*, 128 Cal. App. 4th at 1318 ("courts often reflexively conclude the finding of an adhesion contract alone satisfies the procedural prong, [ad consequently] other procedural issues, including surprise, often are ignored. . ."). Here, the Enrollment Agreement and Plaintiff's monthly invoices both inform him that if his payment is late, Defendant may provide his school a follow-up service for which his account may be charged, and that this is in addition to whatever late fee the school separately assesses. *See* Torsiello Decl.

---

[3] *See* Opp'n 12:17-19 (saying the fee is unconscionable under the CLRA, UCL, and unjust enrichment claims).

Exs. D, E.[4] Although these disclosures do not state the amount of the Follow-Up Fee, the invoice shows that if Plaintiff does not pay on time, the amount due will increase by a total of $50 – which is the total of the school's own late fee and the Follow-On Fee. Thus, the degree of surprise in this contract is low. As such, the Court characterizes the degree of procedural unconscionability as minimal to low: the contract is one of adhesion, but the objected-to term is not hidden and is in fact affirmatively disclosed.

Regarding substantive unconscionability, the Court previously dismissed this claim because allegations that a price is "unreasonable" or "that the price exceeds cost or fair value, standing alone, do not state a cause of action" for unconscionability. *Morris*, 128 Cal. App. 4th at 1323. Rather, the plaintiff has to plead that facts showing that the price is "grossly out of line with fees charged by others." *Id.* at 1323. In response, Plaintiff pleads that one of Defendant's competitors, FACTS, does not charge any fee to notify parents that tuition payments are late. *See* SAC ¶ 16, Ex. 5 (PDF from FACTS website describing its service). Interestingly, however, the exhibit Plaintiff attaches from the FACTS website strongly implies that FACTS's practice of not charging a follow-up fee is unusual. *See* Ex. 5 ("At FACTS. We believe in doing business 'The Better Way': Lower Fees – FACTS does not charge for following up on missed payments and no late fees are retained by our company. It's better for your families and your school."). Thus, the SAC taken as a whole does not establish that Defendant's Follow-On Fee is grossly out-of-line; rather, it suggests that Defendant's practice of charging a follow-up fee is customary and that *FACTS is an outlier* for not charging such a fee. Furthermore, the Court cannot say that the $40 fee for the follow-up service "shocks the conscience." In light of the low degree of procedural unconscionability alleged in the SAC and the fact that the fee is $40, the SAC fails to plead facts to plausibly establish that the Follow-On Fee provision is unconscionable.

### 4. The Unjust Enrichment Claim Also Fails.

"[I]n California, there is not a standalone cause of action for 'unjust enrichment,'" but "a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)

---

[4] Plaintiff's SAC alleges the existence of the Enrollment Agreement and invoices but they are not attached thereto. Defendant filed them in connection with the previous motion to dismiss, and the Court took judicial notice of the Enrollment Agreement. For the same reasons, the Court again takes judicial notice of the Enrollment Agreement and the invoices. *See* Torsiello Decl. (Dkt. No. 24-1) Exs. D, E.; *see U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims . . .The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for the purposes of a motion to dismiss under Rule 12(b)(6).") (internal citations omitted).

(citations omitted). "As a matter of law, a quasi-contract action for unjust enrichment does not lie where, as here, express binding agreements exist and define the parties' rights." *Cal. Med. Ass'n.*, v. Aetna U.S. Healthcare of Cal. Inc.., 94 Cal. App. 4th 151, 172 (2001) (dismissing claim for unjust enrichment where third party contracts defined the rights of the parties).

Here, the parties' rights and obligations are stated in binding agreements—the Enrollment Agreement between Plaintiff and Defendant, and the Addendum between Defendant and the school. Plaintiff complains that the amount of the Follow-Up Fee was not disclosed to him, but that amount is established in the Addendum. Accordingly, the amount of the fee is in fact defined by one of the contracts in issue, so a quasi-contract claim does not lie.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Second Amended Complaint is **GRANTED** as to all claims. This is Plaintiff's third attempt to plead his claims, and it does not appear that the deficiencies noted above can be cured by further amendment. The action is therefore **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**